IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOSEPH WALLACE                                                                                          PLAINTIFF

      v.                              Civil No.   6:11-cv-06034

CAPTAIN MEL STEED, Garland
County Detention Center; and
SHERIFF LARRY SANDERS                                                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff, Joseph Wallace, (hereinafter Wallace) proceeds *pro se*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case was originally filed in the Eastern District of Arkansas.  Both Shannon Ray and Joseph Wallace were listed as Plaintiffs, Civil No. 6:11-cv-06031.  An order (ECF No. 6) was entered severing the case into two separate cases.  It was noted that Shannon Day, while he could represent himself in court, could not represent others.

      The Clerk was directed to send Wallace a blank *in forma pauperis* application and a § 1983 form complaint.  Wallace was given until June 1, 2011, to return both the completed complaint and a completed *in forma pauperis* application or pay the $350 filing fee.  Wallace was advised if he failed to comply with the order his case would be dismissed.

      To date, Wallace has failed to respond to the Court order.  He has not communicated with the Court in anyway.  No mail has been returned as undeliverable.  I therefore recommend that this case be dismissed based on Wallace's failure to obey the order of the Court and his failure to

prosecute this action.  Fed. R. Civ. P. 41(b).

**Wallace has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Wallace is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th  day of June 2011.**

                                                /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE